UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DONALD M. HUBERTY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:10-cv-398-TWP-DML |
| ) | |
| THE UNITED STATES OF AMERICA ) | |
| OFFICIALS, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Directing Dismissal of Action**

"Litigation is needless if, by fair process, a controversy has once gone through the courts to conclusion. . . . And it has gone through, if issues that were or could have been dealt with in an earlier litigation are raised anew between the same parties." *Angel v. Bullington,* 330 U.S. 183, 193 (1947)(internal citations omitted). The claims asserted by Mr. Huberty have been presented and resolved elsewhere, though not to his satisfaction. This is evident from both his complaint and the supplemental information filed by him. There is no occasion for the re-litigation of these claims. Mr. Huberty has been informed, precisely the opposite is the case. To promote the interests of judicial economy, a district court may raise the doctrine of res judicata *sua sponte. Holloway Construction Co. v. United States Department of Labor,* 891 F.2d 1211, 1212 (6th Cir. 1989). A "losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." *Astoria Federal Savings and Loan Ass'n v. Solimino,* 501 U.S. 104, 107 (1991).

Based on the above circumstances the action is dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/10/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana